UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARMOR TURNER,

        Plaintiff,

                                  Case No. 1:15-cv-585

v.

                                  HON. ROBERT HOLMES BELL

MARY BERGHUIS et al.,

        Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

On February 8, 2016, United States Magistrate Judge Phillip J. Green issued a Report and Recommendation ("R&R") (ECF No. 13), recommending that Defendants' motion for summary judgment based on a failure to exhaust administrative remedies (ECF No. 10) be denied. The matter is before the Court on Defendants' objections to the R&R.

Defendants' initial motion for summary judgment noted that "Plaintiff's grievance was filed at Step I on March 13, 2013, which is during the timeframe of this case. But the Step III grievance appeal was not filed until June 29, 2015 . . . The Step III grievance was filed *after* Plaintiff had already initiated this federal action by filing his complaint on June 5, 2015. Plaintiff did not give the MDOC an opportunity to either address the merits of the grievance or dismiss it as untimely before filing the lawsuit." (Br. in Support of Mot. Summ. J. 7, ECF No. 11.)

The R&R found that "Defendants' motion is perfunctory and the evidence that they submitted is inadequate to carry their burden on the affirmative defenses. Defendants did not provide the Court with copies of any grievances and the related Step I, II, and III responses." (R&R 9.) Defendants' objections argue that they have new evidence—namely, a Step III grievance—that "cures the deficiency noted by the magistrate judge," and proves that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. (Objections 2, ECF No. 14.)

The Court is not convinced. The essence of Defendants' argument is that Plaintiff's Step III grievance was filed in violation of the Michigan Department of Corrections Policy Directive ("P.D."). The Policy Directive provides:

> To file a Step III grievance, the grievant must send a completed Step III grievance, using the Prisoner/Parolee Grievance Appeal Form (CSJ-247B), to the Grievance and Appeals Section within ten business days after receiving the Step II response or, if no response was received, within ten business days after the date the response was due, including any extensions.

P.D. 03.02.13 ¶ FF. Defendants have presented evidence that, on November 17, 2015, the Grievance Section Manager mailed a letter to Plaintiff informing Plaintiff that his Step III appeal was received on June 29, 2015 (more than two years after the Step II response was mailed) and, thus, it was rejected as untimely. (ECF No. 14-2.) But Plaintiff has also presented evidence that his Step III appeal was filed much earlier. Plaintiff has presented this Court with a Step III appeal that was written on June 23, 2013 (ECF No. 12-1, PageID.59),

2

as well as a letter sent by Plaintiff that was stamped as received by the MDOC in October 2013, which states:

> I am writing you regarding my Step III grievance. I filed step three with your office back in June 23rd, 2013, I have not received a response from your office. Can you please tell me when a response will be fourth coming? By the grievance process over 120 days has pass from when I first filed. The grievance coordinator received my Step I back on March 25, 2013. Can you please tell me when will I receive a response to my Step III grievance?

(*Id.* at PageID.60.) Based on this conflicting evidence, it is not clear when Plaintiff filed a Step III response and, thus, a question of fact exists which precludes a grant of summary judgment in Defendants' favor.

If the jury finds that Plaintiff filed his Step III grievance on June 23, 2013, then his claims are not procedurally defaulted. Plaintiff would have shown that he timely filed his grievances, and Plaintiff was not required to wait indefinitely for the MDOC to respond to his Step III grievance before filing a complaint in this Court. *See Lyons v. Leach*, No. 12-15408, 2013 WL 6178578, at *4 (E.D. Mich. Nov. 26, 2013); *Courts v. Smith*, No. 1:12-cv-1352, 2013 WL 6047554, at *2 (W.D. Mich. Nov. 14, 2013) (Neff, J.); *Sims v. Rewerts*, No. 07-12646, 2008 WL 2224132 (E.D. Mich. May 29, 2008). If, however, the jury sides with Defendants and finds that Plaintiff's Step III grievance was not filed until two years after a Step II response was received, then Plaintiff's claims will be dismissed for failure to exhaust administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's February 8, 2016 Report and Recommendation (ECF No. 13) is **APPROVED and ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 10) is **DENIED**.


Dated: May 10, 2016                           /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE