UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ARMOR TURNER, #125685, | ) |
| Plaintiff, | ) Case No. 1:15-cv-585 |
| v. | ) Honorable Janet T. Neff |
| MARY BERGHUIS, et al., | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner through counsel under 42 U.S.C. § 1983. Plaintiff is currently an inmate at the Saginaw Correctional Facility. His complaint arises out of conditions of his confinement on March 13, 2013, at the Earnest C. Brooks Correctional Facility (LRF). The defendants are former LRF Warden Mary Berghuis and Sergeant James Plichta. Plaintiff alleges that on March 13, 2013, he slipped, fell, and broke his wrist. He alleges that defendants violated his Eighth Amendment rights under the Cruel and Unusual Punishments Clause by being deliberately indifferent to the risk that he would slip and fall. Plaintiff sues defendants in their individual and official capacities, and he seeks an award of damages and injunctive relief.[1] (ECF No. 1).

---

[1] On February 8, 2016, the Court entered a report and recommendation finding that plaintiff "seeks an award of damages against defendants in their individual capacities." (ECF No. 13 at PageID.61). Plaintiff did not file an objection. Instead, he filed a document asking the Court to adopt the report and recommendation.

The matter is before the Court defendants' motion for summary judgment. (ECF No. 44). Plaintiff opposes defendants' motion. (ECF No. 50). For the reasons set forth herein, I recommend that plaintiff's claims for injunctive relief be dismissed as moot. I recommend that all plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I recommend that defendants' motion for summary judgment be granted and that judgment be entered in defendants' favor on all plaintiff's claims for damages against defendants in their individual capacities.

## Applicable Standards

### A.  Summary Judgment

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and

---

(ECF No. 15). Defendants are plainly entitled to dismissal of plaintiff's claims for injunctive relief and his claims for damages against defendants in their official capacities. Accordingly it is unnecessary to reach the issue of whether plaintiff waived those claims when he failed to file an objection to the report and recommendation.

draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001 (6th Cir. 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

B.   Qualified Immunity

Defendants argue that they are entitled to summary judgment on the basis of qualified immunity. "Once [an] official[ ] raise[s] the qualified immunity defense, the plaintiff bears the burden to 'demonstrate that the official [is] not entitled to qualified immunity.'" *LeFever v. Ferguson*, 645 F. App'x 438, 442 (6th Cir. 2016) (quoting *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)); *see Hermansen v. Thompson*, 678 F. App'x 321, 325 (6th Cir. 2017).

"A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *see Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015); *Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014). The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that each defendant's conduct violated a constitutional or statutory right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Id.* Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A qualified immunity defense can be asserted at various stages of the litigation, including the summary judgment stage. *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The qualified immunity inquiry at the summary judgment stage is distinguished from the Rule 12(b)(6) stage in that generalized notice pleading no

longer suffices, and the broader summary judgment record provides the framework within which the actions of each individual defendant must be evaluated.  At the summary judgment stage, "the plaintiff must, at a minimum, offer sufficient evidence to create a 'genuine issue of fact,' that is, 'evidence on which a jury could reasonably find for the plaintiff.' "  *Thompson v. City of Lebanon, Tenn.*, 831 F.3d 366, 370 (6th Cir. 2016); *see Gardner v. Evans*, 811 F.3d 844, 846 (6th Cir. 2016).

In *Brosseau v. Haugen*, the Supreme Court examined the underlying purpose of the requirement that the law be clearly established:

> Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, misapprehends the law governing the circumstances she confronted. . . .  Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct.  If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.

543 U.S. 194, 198 (2004); *see also Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ("The dispositive question is whether the violative nature of the particular conduct is clearly established.") (citation and quotation omitted); *City & County of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) ("An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning that existing precedent placed the statutory or constitutional question beyond debate.") (citations and quotations omitted).  Qualified immunity is an immunity from suit rather than a mere defense to liability.  *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014).

The Supreme Court has repeatedly held that the second prong of the qualified immunity analysis " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " *Brosseau v. Haugen*, 543 U.S. at 198 (quoting *Saucier v. Katz*, 533 U.S. at 201); *see White v. Pauly*, 137 S. Ct. 548, 552 (2017). Moreover, courts are "not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. at 2023 (citations and quotations omitted); *see White v. Pauly*, 137 S. Ct. at 552.

"The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.' " *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (quoting *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)); *see Shreve v. Franklin County, Ohio*, 743 F.3d 126, 134 (6th Cir. 2014); *T. S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014). The burden applies to each claim. *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

### **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is an inmate in the custody of the Michigan Department of Corrections (MDOC) at the Saginaw Correctional Facility. In March 2013, plaintiff was an inmate at the Earnest C. Brooks Correctional Facility (LRF).

Defendant Mary Berghuis served as the warden of LRF and the West Shoreline

Correctional Facility.[2]  She was responsible for the entire operation of two prison facilities, including the physical plant (80 acres), the budget, the employees (approximately 530), and the care and control of the prisoners (more than 2,500). (Berghuis Aff. ¶ 3, ECF No. 47-1, PageID.232).

Yard crews were responsible for clearing snow and ice at LRF and they would have been supervised by a yard officer.  (Plichta Aff. ¶ 6, ECF No. 49-1, PageID.239). Defendant James Plichta was a Sergeant.  He was not a yard officer and he was not a person in charge of directing or supervising the yard crews.  (Plichta Aff. ¶¶ 1, 6, ECF No. 49-1, PageID.238-39).

On March 11, 2013, plaintiff slipped and fell on the sidewalk outside in an open area about ten-to-fifteen feet away from the Michigan State Industries (MSI) laundry building.  Plaintiff believes that there was ice under the snow.  (Plf. Dep. at 9-11, ECF No. 45-2, PageID.209-10).  On March 11, 2013, plaintiff sent a kite (informal complaint) to the warden.  He did not file a grievance.  (*Id.* at 11, 22-23, ECF No, 45-2, PageID.211, 215-16; ECF No. 12-1, PageID.58).

Warden Berghuis received such a volume of prisoner kites she could not attend to all of them.  Kites were screened by the warden's secretary and then delivered by the secretary to an appropriate official who could handle the request.  Warden Berghuis does not recall any kite from plaintiff or any other prisoner about snow removal or dangerous sidewalk conditions outside the MSI laundry building.  If such

---

[2] Warden Berghuis retired on September 30, 2015.  (Berghuis Aff. ¶ 1, ECF No. 47-1, PageID.232).

a kite had been received by the warden's office, her secretary would have forwarded it to the supervisor of the prison yard workers. (Berghuis Aff. ¶¶ 4-7, ECF No. 47-1, PageID.233-34).

After he slipped and fell, plaintiff was taken to the hospital for treatment. (Plf. Dep. at 22, ECF No. 45-2, PageID.215). Unfortunately the record is essentially devoid of evidence from plaintiff regarding specific details of the slip and fall, which is at the heart of his lawsuit.[3]

Prisoners were assigned to clear the snow from LRF's sidewalks 24 hours a day during the winter. Warden Berghuis "was not aware of any dangerous conditions outside the Michigan State Industries laundry facility where the plaintiff says he fell." (Berghuis Aff. ¶ 7, ECF No. 47-1, PageID.233-34). The sidewalks were used by both staff and prisoners and the warden was not aware of any other person claiming that they faced dangerous conditions in the area. (*Id.*).

On or about March 18, 2013, plaintiff filed a grievance regarding the March 13, 2013, incident. (ECF No. 12-1, PageID.56). Sergeant Plichta was asked to gather information for the response to plaintiff's grievance. He was not aware of any snow or ice problem before plaintiff filed his grievance. (Plichta Aff. ¶¶ 3, 4, 7, ECF No. 49-1, PageID.238-39; Plf. Dep. at 24, ECF No. 45-2, PageID.217). On

---

[3] Plaintiff's brief in response to defendant's motion for summary judgment (ECF No. 50) is not accompanied by any supporting evidence. The arguments in the parties' briefs are not evidence. See *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006). At the summary judgment stage, plaintiff's attorney was required to come forward with evidence and he could not rely on the bare allegations of found in plaintiff's non-verified complaint.

April 7, 2013, Plichta drafted a memorandum regarding the information that he had gathered. He noted that on March 13, 2013, "the Yard Crew was out and working . . . and were taking care of all areas that needed to be shoveled in order of priority, such as access for wheelchair and handicap[ped] prisoners." (ECF No. 12-1, PageID.57; Plichta Aff. ¶ 8, ECF No. 49-1, PageID.239-40). None of the prisoners working at Michigan State Industries were handicapped or used a wheelchair. (Plf. Dep. at 24, ECF No. 45-2, PageID.217).

## Discussion

### I.     Mootness

Plaintiff is an inmate at the Saginaw Correctional Facility. Defendants are or were employed at LRF. Defendants no longer have any authority over the conditions of plaintiff's confinement. Accordingly, plaintiff's claims for injunctive relief against defendants are moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

### II.          Eleventh Amendment Immunity

Plaintiff's claims for damages against defendants in their official capacities are barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is

simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendants are entitled to dismissal with prejudice of all plaintiff's claims for monetary damages against them in their official capacities.

**III.        Motion for Summary Judgment**

      A.        Eighth Amendment

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the " 'unnecessary and wanton infliction of pain.' " *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (*per curiam*) (quoting *Rhodes*, 452 U.S. at 346). The Eighth Amendment "does not mandate comfortable prisons." *Rhodes*, 452 U.S. at 349. Instead, it requires prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). Thus, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference'" to that risk. *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834). The foregoing standard includes an objective component and a subjective component. Under the objective prong, the plaintiff must demonstrate that the condition complained of was "sufficiently serious." *Farmer*, 511 U.S. at 834. A condition is sufficiently serious if it poses "a substantial risk of serious harm" to the inmate. *Id.* Under the subjective prong, the plaintiff must establish that the defendant was aware of and "disregarded an excessive risk to inmate health or safety." *Id.* at 837. Under this standard, "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. In other words, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff has not presented evidence on which a reasonable trier of fact could find in his favor on the objective component of an Eighth Amendment claim. "[F]ederal courts have nearly unanimously held that a slip and fall, without more, does not amount to cruel and unusual punishment." *Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) (citation and quotation omitted). The United States Court of Appeals for the Sixth Circuit and lower courts within this circuit have routinely held that similar prison conditions fall short of supporting an Eighth Amendment claim.

*See White v. Tyszkiewicz*, 27 F. App'x. 314, 315 (6th Cir. 2001) (Prisoner's claim that he slipped and fell on ice was properly dismissed for failure to state a claim because his allegations were "insufficient to state a claim under the Eighth Amendment."); *Lotz v. Buck*, No. 4:12-cv-P131, 2013 WL 1742600, at *3 (W.D. Ky. Apr. 23, 2013) (collecting cases); *Chamberlain v. Nielsen*, No. 2:10-CV-10676, 2010 WL 1002666, at *2 (E.D. Mich. Mar. 18, 2010) ("Federal courts have consistently held that slippery prison floors and icy walkways do not give rise to a constitutional violation."); *Nali v. Michigan Dep't. of Corr.*, No. 2:07-cv-255, 2009 WL 3052227, at *6 (W.D. Mich. Sept. 21, 2009) ("[W]hile an icy prison yard walkway presents the possibility for an inmate to slip and fall, it does not pose a substantial or excessive risk of serious harm."). As one court stated, " '[a] slip and fall, without more, does not amount to cruel and unusual punishment. . . . Remedy for this type of injury, if any, must be sought in state court under traditional state tort law principles.' " *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (quoting *Mitchell v. West Virginia,* 554 F. Supp. 1215, 1217 (N.D. W.Va. 1983)).

Plaintiff likewise falls short of providing evidence on which a reasonable trier of fact could find in his favor on the subjective component of an Eighth Amendment claim. A prison official cannot be found liable "for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer v. Brennan*, 511 U.S. at 837. Here, neither

defendant was aware of a substantial risk of serious harm.

B. Qualified Immunity

I find that defendants are also entitled to summary judgment on the basis of qualified immunity. Plaintiff has not presented evidence sufficient to satisfy the first prong of the qualified immunity analysis for the reasons stated in the previous section.

The second prong of the qualified immunity analysis " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " *Brosseau v. Haugen*, 543 U.S. at 198. It was plaintiff's burden to convince the Court that the law was clearly established. *See Arrington-Bey v. City of Bedford Heights, Ohio*, 858 F.3d 988, 992-93 (6th Cir. 2017); *Hill v. Miracle*, 853 F.3d 306, 316 (6th Cir. 2017). Existing precedent must have placed the constitutional question "beyond debate." *White v. Pauly*, 137 S. Ct. at 551.

Plaintiff argues that defendants should be denied qualified immunity because this case is "similar" to *Frost v. Agnos*, 152 F.3d 1124 (9th Cir. 1998). (Plaintiff's Brief at 6-7, ECF No. 50, PageID.247-48). Plaintiff's burden is much higher that finding a single case from outside the Sixth Circuit that he believes is "similar." Plaintiff was required to come forward with legal authority demonstrating that existing precedent placed the statutory or constitutional question "beyond debate." *White v. Pauly*, 137 S. Ct. at 551. The Ninth Circuit's *Frost* decision does not suffice. Notably absent from plaintiff's brief is any discussion of the Sixth Circuit's recent decision in *Lamb v. Howe*, where the Court of Appeals emphasized that the federal courts have "nearly

unanimously" held that a slip and fall, without more, does not amount to cruel and unusual punishment.  677 F. App'x at 208.  Further, the Sixth Circuit noted that *Frost v. Agnos* is a narrow exception to the general rule and it is based on the case's unique facts involving a disabled prisoner:

> It is true that courts have occasionally found that a slip-and-fall case that has additional exacerbating factors can create a plausible allegation of constitutional harm.  *See Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) (holding that where the plaintiff was disabled, had to use crutches, and had fallen many times due to slippery conditions in the shower, and prison officials were aware of all of these facts, the plaintiff could potentially state a deliberate-indifference claim).

677 F. App'x at 209.  Plaintiff has not carried his burden.  This case falls well within the general rule regarding a slip and fall rather than the narrow exception.  *Id.* at 208-10.  I find that defendants are entitled to qualified immunity.

## Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's claims for injunctive relief be dismissed as moot.  I recommend that all plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity.  I recommend that defendants' motion for summary judgment (ECF No. 44) be granted and that judgment be entered in defendants' favor on all plaintiff's claims for damages against defendants in their individual capacities.

Dated:   December 7, 2017            /s/  Phillip J. Green
                                     PHILLIP J. GREEN
                                     United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).