UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARMOR TURNER,

    Plaintiff,

v.

MARY BERGHUIS, et al.,

    Defendants.
_____/

Case No. 1:15-cv-585

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is represented by counsel. Following discovery, which was extended several times,[1] Defendants filed a motion for summary judgment. The matter was referred to the Magistrate Judge. On December 7, 2017, the Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiff's December 21, 2017 document entitled "Motion & Brief for Extension of Time to File Objections and Response to Magistrate's Report and Recommendations; Motion & Brief for an Order Compelling Discovery; Motion & Brief to Stay or Deny Summary Judgment" (ECF No. 53). At this Court's request, Defendants filed a response to Plaintiff's omnibus document (ECF No. 55). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which

---

[1] The case management history of this lawsuit is summarized in the Magistrate Judge's April 7, 2017 order (ECF No. 38).

objections have been made. For the reasons that follow, the Court denies Plaintiff's objections, including his motions therein, and grants Defendants' motion for summary judgment.

**I**

In his Complaint, Plaintiff alleges that then Warden Mary Berghuis and Sergeant James Plichta violated his Eighth Amendment right under the Cruel and Unusual Punishment Clause by being deliberately indifferent to the risk that he would slip and fall in March 2013 (ECF No. 1 at PageID.4-5). Plaintiff sued Defendants Berghuis and Plichta in their individual and official capacities, seeking an award of money damages and injunctive relief. In his December 7, 2017 Report and Recommendation, the Magistrate Judge recommends that (1) Plaintiff's claims for injunctive relief be dismissed as moot inasmuch as Plaintiff is now housed at a different facility; (2) Plaintiff's claims for damages against Defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity; and (3) Defendants' motion for summary judgment be granted and judgment entered in Defendants' favor on all Plaintiff's claims for damages against Defendants in their individual capacities where (a) Plaintiff presented insufficient evidence of both components of an Eighth Amendment claim, and (b) Defendants are entitled to qualified immunity (ECF No. 52).

In his December 21, 2017 response to the Magistrate Judge's Report and Recommendation (ECF No. 53), Plaintiff does not identify any factual or legal error by the Magistrate Judge. Rather, Plaintiff requests that this Court (1) defer its ruling on Defendants' motion for summary judgment, or simply deny Defendants summary judgment; and (2) either allow him to amend his discovery requests, or compel Defendants to produce the discovery already requested (*id.* at PageID.280-285). Specifically, Plaintiff seeks to obtain "the names of the individual prison officers who

ordered Plaintiff to proceed across the dangerous ice and snow hazardous path" (*id.* at PageID.279, 285).

In their response in opposition, Defendants detail the numerous extensions of time Plaintiff received to conduct discovery and argue that Plaintiff's pursuit of a "do-over" of discovery and motion practice should be denied (ECF No. 55 at PageID.290-293). Further, Defendants point out that Plaintiff has not identified how the requested discovery would uncover evidence changing the conclusions that a slip and fall is not cruel and unusual punishment and that Defendants were not aware of any substantial risk (*id.* at PageID.293-295).

II

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." While Plaintiff seeks the relief provided in Rule 56(d)(1) and (2), Plaintiff did not provide a supporting affidavit or declaration. Nor did Plaintiff seek additional discovery in his response to Defendants' motion for summary judgment, arguing only that Defendants are not entitled to qualified immunity or Eleventh Amendment immunity (ECF No. 50).

Plaintiff's failure to comply with Rule 56(d), both in technical form and substance, is sufficient reason to deny his present requests. *See, e.g., Johnson v. Royal Chem. Co., Ltd.*, No. 17-3234, 2017 WL 5461708, at *2 (6th Cir. Oct. 27, 2017) ("Because [the plaintiff] failed to satisfy the requirements of Rule 56(d) or otherwise move for additional discovery, the district court did not abuse its discretion by ruling on the motion for summary judgment without allowing further discovery."); *Scadden v. Werner*, 677 F. App'x 996, 1000 (6th Cir. 2017) (holding that "[the

plaintiff's] failure to comply with 56(d) is reason enough to conclude that the district court did not abuse its discretion in granting the initial summary judgment motion, or denying his request for reconsideration, without allowing for more discovery"); *Baker v. Stevenson*, 605 F. App'x 514, 521 (6th Cir. 2015) (holding that the plaintiff-prisoner forfeited his discovery challenge where he neither filed a Rule 56(d) motion nor made any analogous arguments in his opposition to summary judgment); *Lane v. Wexford Health Sources (Contreator)*, 510 F. App'x 385, 388 (6th Cir. 2013) (because the plaintiff-prisoner failed to satisfy the requirements of Rule 56(d), "the district court was under no obligation to allow additional discovery pertaining to his medical records before granting summary judgment"). As the case law demonstrates, "[c]ompliance with Rule 56(d) is essential." *Hall v. Plastipak Holdings, Inc.*, No. 17-1694, 2018 WL 1100329, at *3 (6th Cir. Feb. 28, 2018).

Moreover, Plaintiff's requests are simply made too late. A motion for relief under Rule 56(d) must be timely filed in order to give the district court the proper "chance to rule on the need for additional discovery." *Block v. Meharry Med. Coll.*, No. 17-5484, 2018 WL 501392, at *9 (6th Cir. Jan. 22, 2018) (quoting *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995)). *See, e.g., Bormuth v. Cty. of Jackson*, 870 F.3d 494, 502 (6th Cir. 2017) ("declin[ing] to sanction the 'I did not have all the evidence I needed' argument made for the first time following the district court's adverse ruling on the cross-motions for summary judgment"), *petition for cert. filed.* Where, as here, a plaintiff "fails to invoke Rule 56(d) before the magistrate judge [and] instead files his motion in the district court after the magistrate judge's report and recommendation was filed, he waives any right to raise Rule 56(d) issues." *Peltier v. Macomb County, Mich.*, No. 10-cv-10796, 2011 WL 3320743, at *2 (E.D. Mich. Aug. 2, 2011). Making a

4

discovery request—"long after the deadline and only in response to an R&R—[is] too late." *Jenkins v. Foot Locker Inc.*, 598 F. App'x 346, 348 (6th Cir. 2015).

Even assuming arguendo that Plaintiff's requests are properly and timely made, he has not demonstrated his entitlement to such relief. To obtain relief under Rule 56(d), a plaintiff must specify, in pertinent part, how such discovery would create a factual dispute sufficient to defeat summary judgment. *See generally CenTra, Inc. v. Estrin*, 538 F.3d 402, 420-21 (6th Cir. 2008); *Plott*, 71 F.3d at 1196. As set forth more fully by Defendants in response (ECF No. 55 at PageID.293-295), Plaintiff has failed to demonstrate how his requested discovery of "the names of the officers involved in this matter" would defeat these Defendants' motion for summary judgment. "[E]ven if the issue is properly raised in the lower court, '[a] district court generally does not abuse its discretion in denying a Rule 56[d] discovery request if granting the desired discovery would not have affected its ruling.'" *Khaled v. Dearborn Heights Police Dep't*, 711 F. App'x 766, 770 (6th Cir. 2017) (citation omitted). *See, e.g., Sandusky Wellness Ctr., LLC v. Medco Health Sols., Inc.*, 788 F.3d 218, 226 (6th Cir. 2015) (finding no abuse of discretion in granting the movant summary judgment where the non-movant's Rule 56(d) motion requested evidence that did not bear on a material issue of fact); *Allen v. Collins,* 529 F. App'x 576, 584 (6th Cir. 2013) (finding no abuse of discretion in granting the movant summary judgment where the prisoners' requested discovery "would not have changed the legal and factual deficiencies" in their claims).

In sum, Plaintiff does not identify any factual or legal error by the Magistrate Judge in analyzing Defendants' motion for summary judgment, and Plaintiff's motions to delay or deny ruling on Defendants' motion and to extend or compel discovery are properly denied. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion

of this Court.  Because this Opinion and Order resolves all pending claims in this case, a Judgment will also be entered.  *See* FED. R. CIV. P. 58.  Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections, including his motions therein (ECF No. 53), are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 52) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 44) is GRANTED.

Dated:  March 19, 2018                               /s/ Janet T. Neff
                                                                    JANET T. NEFF
                                                                    United States District Judge